** Summary **
STATUS AND AUTHORITY OF TEMPORARY ADDITIONAL MEMBERS OF A BOARD OF EDUCATION A temporary additional member of a board of education of a school district having more than fifty thousand average daily attendance serving pursuant to Laws 1972, Ch. 216 (70 O.S. 5-107 [70-5-107](A) (1972)) has the right to vote as other members of the board. Under Laws 1972, Ch. 216 (70 O.S. 5-107A [70-5-107A] (1972)), with respect to a school district having more than fifty thousand average daily attendance, where under the staggered term system an election is held in January of a year to fill the position of board member to represent an election district no member may continue to serve on the board who resides in such district following the election other than the person duly elected to fill the position, notwithstanding the provisions of law providing for temporary additional members prior to such election year. The Attorney General's office has considered your opinion request wherein you raise, in effect, the following questions: 1. Under Laws 1972, Ch. 216 (70 O.S. 5-107 [70-5-107](a) (172)) do temporary additional members of a board of education of a school district having more than fifty thousand average daily attendance have the right to vote as other members? 2. Under Laws 1972, Ch. 216 (70 O.S. 5-107A [70-5-107A] (1972)) as applied to a school district having more than fifty thousand average daily attendance, where the term of a member of the board of education expires subsequent to the month of January in the year in which an election is to be held to fill the office representing the election district in which he resides, may such member serve out his term as a temporary additional member notwithstanding the fact that he was not elected to represent the district in the month of January? The present system applicable to board of education elections is a product of a major revision in the Oklahoma School Code of 1971. See 70 O.S. 5-107 [70-5-107] (1971). As enacted in 1971, the statute provided with respect to boards of education of school districts having more than fifty thousand children in average daily attendance that the seven members of such a board would be elected from seven election districts to be drawn by the county election board each year on or before October 1. Elections are to be held as follows: "3. On the first Tuesday in January if not a legal holiday or on the second Tuesday in January if the first Tuesday in January is a legal holiday, there shall be a nomination election wherein the electors of each election district in which a term is expiring or in which a vacancy exists shall select two (2) nominees from among the candidates for board member to represent such district. The two (2) candidates receiving the greatest number of votes shall become the nominees for such election district in the general election next described. "4. On the fourth Tuesday in January there shall be held an election at large in which all of the electors of the school district voting at large shall select one of the two nominees for each such election district as a member of the board of education representing such election district." In addition, terms of board members elected to fill vacancies were to be for four years and were to be staggered generally as follows: "8. The term of each member, who is not elected to fill a vacancy, shall be four (4) years commencing on the first Monday in February following his election. The terms of members shall be staggered with two (2) members being elected in 1972, two (2) members being elected in 1973, two (2) members being elected in 1974 and one (1) member being elected in 1975; . . ." Finally, the procedure provided for continuance in office until the first Monday in February of 1973 for presently serving members as well as the system for looking to the length of term or drawing lots to determine who would continue to serve after such date where more than one member resided in a newly drawn election district. Only one would continue to serve such district. In 1972, the Legislature repealed 70 O.S. 5-107 [70-5-107] (1971) and reenacted it with certain modifications to be codified as Section 70 O.S. 5-107A [70-5-107A] of Title 70. See Laws 1972, Ch. 216. With respect to school districts having more than fifty thousand average daily attendance there were two modifications which are relevant to your opinion request: 1. Members serving at the time of enactment of the Oklahoma School Code of 1971 (July 2, 1971) rather than being assured of serving until the first Monday in February of 1973, were to " continue to hold office for the remainder of the terms for which they were elected." 2. Where two or more members resided in the same election district having terms expiring after the first Monday in February of 1974, rather than providing a procedure for only one to continue to serve it was provided that one would serve as the regular member and any other would serve in the capacity of a temporary additional member until the expiration of his term. As to the first question raised in your inquiry, it is clear that the position of "Temporary additional member" was created as a necessary part of the 1972 amendment permitting members who were serving on July 2, 1971 to serve out their terms. The only restriction on their position was that the position was to be temporary and not to be filled upon expiration of the term. The word temporary applies only to the term of such member and could not be construed as limiting the voting rights of such member. Therefore, temporary additional members are authorized to vote at board meetings as other members. As to your second question a problem arises where under a prior election system the term of a member expires in the month of June, yet under the new system elections to fill the office in which such member resides are to be held in the previous January. The question is: Did the 1972 amendment, authorizing presently serving members to serve out their terms without the first Monday in February of 1973 limitation on such right and providing for temporary additional members after the first Monday in February of 1974 operate to permit one to serve as a temporary additional member in a district following an election to fill the position representing such district where he fails to be nominated and elected to represent the district in January. The purpose of the creation of the position of temporary additional member was to deal with the situation where two or more present members reside in the same election district as drawn by the county election board. It was not created to permit one to continue to serve in a district after failing to be reelected in January of the year in which his term expired. It is, therefore, the opinion of the Attorney General that your questions be answered as follows. A temporary additional member of a board of education of a school district having more than fifty thousand average daily attendance serving pursuant to Laws 1972, Ch. 216 (70 O.S. 5-107 [70-5-107](A) (1972)) has the right to vote as other members of the board. Under Laws 1972, Ch. 216 (70 O.S.Supp. 1972, 5-107A), with respect to a school district having more than fifty thousand average daily attendance, where under the staggered term system an election is held in January of a year to fill the position of board member to represent an election district no member may continue to serve on the board who resides in such district following the election other than the person duly elected to fill the position, notwithstanding the provisions of law providing for temporary additional members prior to such election year. (Joe C. Lockhart)